COLONOS DE CAÑA DE SANTA JUANA, INC., ETC. ET AL., Petitioners, *v.* SUGAR BOARD OF PUERTO RICO, Respondent.

No. 6 Argued June 2, 1954.—Decided November 5, 1954.

372

*Víctor Gutiérrez Franqui, Lino J. Saldaña, Luis F. Sánchez Vilella, C. Morales, Jr.,* and *Sarah Torres Peralta* for petitioners. *Alejandro Romanacce* and *Federico Rodríguez Gelpí* for respondent. *Fiddler, González & Nido* for intervener, Eastern Sugar Associates (a trust).

MR. CHIEF JUSTICE SNYDER delivered the opinion of the Court.

This is a petition filed by certain colonos under § 33 of the Sugar Act of Puerto Rico—Act No. 426, Laws of Puerto Rico, 1951—to review that part of an order of the Sugar Board which holds that when Eastern Sugar Associates, the owner and operator of Central Santa Juana, takes physical possession of cane of colonos on the latter's farms or immediately adjacent thereto, the central is not required under § 6 of Act No. 426 to furnish free hoisting services to the colonos on their farms or immediately adjacent thereto. [1]

---

[1] Section 6 is set forth verbatim in footnote 1 of *Eastern Sugar Associates* v. *Sugar Board*, No. 2, decided today. The particular provision involved herein is the sentence reading as follows: "The central shall be bound to provide gratuitously to all its *colonos* hoisting service and the necessary personnel for the operation thereof at each point designated by the central for the delivery of cane."

Colonos de Caña de Santa Juana, Inc., a non-profit association whose members are colonos of Santa Juana Central, was also one of the complainants before the Board and is also one of the petitioners here. The order of the Board, together with findings of fact, was entered after a hearing at which testimony was taken.

In *Eastern Sugar Associates* v. *Sugar Board*, No. 7, decided today by a per curiam opinion, we affirm that part of the order of the Board to which the central objected: (1) payment of 7-½¢ per ton of cane under § 6 to certain colonos for transportation and hauling expenses; (2) furnishing free hoisting service under § 6 to certain colonos who, like the colonos in *Eastern Sugar Associates* v. *Sugar Board*, No. 2, decided today, deliver their cane to the central after transporting it themselves to an intermediate point between their farms and the mill.

*Eastern Sugar Associates* v. *Sugar Board*, No. 2, decided today, involved a different facet of the problem of free hoisting service under § 6. In that case we held (1) that if the central takes physical delivery of the cane from the colono at an intermediate point between the farm of the colono and the mill, under § 6 the intermediate site is the point of delivery, despite the fact that the central designated the patio of the mill as the point of delivery; and (2) that § 6 as thus construed does not violate due process of law insofar as it requires the central to furnish gratuitously hoisting services at the intermediate point. Here, as we have seen, the question is whether the colonos are entitled to such free hoisting service on their own farms or immediately adjacent thereto.

 We agree with the Board that the Legislative Assembly did not intend to provide in § 6 that free hoisting service and personnel shall be supplied by the centrals to the colonos on their farms or immediately adjacent thereto. We held in *Eastern Sugar Associates* v. *Sugar Board*, No. 2, decided today, that under § 6 the controlling factor in determining the point of delivery, for purposes of free hoisting service, is where the central actually takes physical possession of the cane *when the choice is between characterizing the mill or an intermediate site as the point of delivery.* But in that situation the colono loads his cane and transports it himself, either all the way to the mill or to an intermediate point. When the colono transports the cane himself from his farm to the mill, there is really no need to require free hoisting service as the centrals always have operated—and in the nature of things always will operate—their own cranes at their mills. It follows that, in providing for free hoisting service in § 6, the Legislative Assembly was focusing its attention on the intermediate point—not on the mill except incidentally and certainly not on the colono's farm. If a colono takes his cane to an intermediate point, it is neces-

sary not only to load it at the farm but also to reload it at the intermediate point for transportation by the central to the mill. And it is the hoisting service in connection with the reloading operation at the intermediate point which § 6 requires the centrals to furnish free of charge to the colonos. But, as the Board held, in so providing the Legislative Assembly did not intend for its language to cover the loading at the colono's farm or immediately adjacent thereto. It was only for the reloading operation at the intermediate point—and unloading at the mill, which was included out of an abundance of caution as the mills would undoubtedly continue this service without charge to the colonos—that the Legislative Assembly wanted to assure the colonos of free hoisting service. In the light of the foregoing, we conclude that free hoisting service is required only where the "point of delivery" is a place to which the colono himself transports his cane all or part of the way to the central. Accordingly, the Board did not err in refusing to require the central in this case to furnish free hoisting service to those colonos whose cane is received by the mill within the colonos' farms or immediately adjacent thereto.

 There is some force in the petitioners' argument that § 6(a) provides that free hoisting service shall be supplied to *all* colonos "...at each point designated by the central for the delivery of cane." But for the reasons stated herein, "all" in this context means all colonos who deliver their cane at intermediate points. We should, wherever possible, avoid an interpretation of a statute which would lead to an unreasonable result. *Lozada* v. *Antonio Roig, Sucrs.*, 73 P.R.R. 255, 259; *People* v. *Mantilla*, 71 P.R.R. 35, 41, and cases cited. Here the Board rejected the petitioners' contention that under § 6 the mills must furnish free hoisting service on the colonos' farms and immediately adjacent thereto as "...completely unreasonable since it would impose on the respondents excessively burdensome obligations."

While we must on final analysis exercise our independent judgment on questions of law arising under Act No. 426, the views of the Sugar Board "...as a specialized agency dealing daily and exclusively with these problems...are entitled to great weight and respect." *Labor Rel. Board* v. *Junta de Muelles*, 71 P.R.R. 143, 146; see *Rent Director* v. *District Court*, 73 P.R.R. 379, 383; *Rivera* v. *Chancellor of the University*, 73 P.R.R. 361, 378, footnote 6; *Hilton Hotels* v. *Minimum Wage Board*, 74 P.R.R. 628, 645; *Social Security Board* v. *Nierotko*, 327 U. S. 358, 368–9; *U. S.* v. *Amer. Trucking Ass'ns.*, 310 U. S. 534, 549; XXIII Revista Jurídica de U.P.R. 350. Under the circumstances of this case, we find no basis for rejecting the conclusion of the Board that as a matter of law § 6 (a) does not require the centrals to furnish free hoisting services to colonos whose cane they receive within the colonos' farms or immediately adjacent thereto.

The order of the Sugar Board will be affirmed with costs and expenses imposed on the petitioners pursuant to § 33 of Act No. 426.

Mr. Justice Ortiz and Mr. Justice Sifre did not participate herein.